**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| JODIE NURSE, | Civil Action No. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| GMRI, INC. d/b/a OLIVE GARDEN | |
| Defendant. | |

**TO:   THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

Defendant GMRI, INC. d/b/a Olive Garden. ("Defendant" or "GMRI") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of New York, from the Supreme Court of the State of New York, Suffolk, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

**STATE COURT ACTION**

1.      Plaintiff Jodie Nurse ("Plaintiff"), alleging she is a resident of Suffolk County, New York, commenced this action against Defendant on September 9, 2025, by filing a complaint bearing the caption "*Jodie Nurse v. GMRI, Inc. d/b/a Olive Garden*" and bearing Index No. 624056/2025 ("the State Court Action").  The State Court Action is now pending in that court.

2.      Defendant was served with the Summons and Complaint on September 23, 2025. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.      Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

**STATEMENT OF JURISDICTION - DIVERSITY**

4.    This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 (diversity) because the action is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5.    The Court has jurisdiction over this action because there is complete diversity of citizenship between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

**THE PARTIES ARE DIVERSE**

6.    The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

7.    Citizenship of a natural person is established by domicile.  28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).  Plaintiff is an individual and resident and, upon information and belief, a citizen of New York.  (**Exhibit A**, Complaint, ¶ 1).

8.    For the purposes of diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated *and* of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1) (2006); *Universal Licensing Corp. v. Paola del Lungo S.p.A.,* 293 F.3d 579, 581 (2d Cir.2002).  With respect to limited liability companies, "a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)).

9.     GMRI is a Florida limited liability company organized and existing under the laws of the state of Florida.  (*See* **Exhibit A**, Complaint, at ¶ 2, 6). The corporate headquarters and principal place of business of GMRI is 1000 Darden Dr., Orlando, Florida 32837, where their high-level officers direct, control, and coordinate their corporate and business activities.

10.    Thus, Defendant is not a citizen of New York.

11.    Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

12.    The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a)     Plaintiff's Complaint alleges claims of gender-based discrimination and hostile work environment in violation of the New York State Human Rights Law ("NYSHRL"). Plaintiff's requested relief includes "damages to compensate Plaintiff for… emotional distress and mental anguish," compensatory and punitive damages, lost wages, and attorneys' fees.  (**Exhibit A**, Complaint, 'Prayer for Relief' Paragraphs at 7).

(b)     According to a reasonable reading of the Complaint and a preponderance of the evidence, Plaintiff's demand, and the amount in controversy, is in excess of $75,000.  *See Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (holding the amount plead on "the face of the complaint" is presumptively treated as "a good faith representation of the actual amount in controversy") (internal citations omitted); *see also Chao Ma v. United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 414 (S.D.N.Y. 2023) (holding that removal is proper if there is a "reasonable probability" that the jurisdictional amount has been met) (internal citations omitted).

(c)     Plaintiff also alleges Defendant's alleged conduct caused her "severe emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages" (**Exhibit A**, Complaint, at ¶ 18).  In the Second Circuit, awards for garden variety emotional distress claims can exceed $30,000.  *Olsen v. County of Nassau*, 615 F. Supp.2d 35, 46 (E.D.N.Y. 2009) (citations omitted) (citing *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 258-259 (2d Cir. 2005)).

(d)     Where punitive damages are legally recoverable, they "can be included in the jurisdictional amount." *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996).  Punitive damages are potentially recoverable under the NYSHRL.  N.Y. Exec. Law § 297(9) (McKinney 2025).  In employment discrimination cases in the Second Circuit, courts generally find punitive damages awards of at least $25,000 to be within acceptable limits.  *See Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 262-64 (S.D.N.Y. 2007), *aff'd*, 2010 U.S. App. LEXIS 27371 (2d Cir. 2010) (collecting cases).

(f)     A potential statutory award of attorneys' fees is also considered by the Court when determining whether the jurisdictional threshold has been met.  *Kimm v. KCC Trading, Inc.*, 449 Fed Appx. 85, 85-86 (2d Cir. 2012).  Attorneys' fees are recoverable under the NYSHRL and the Whistleblower statute. N.Y. Exec. Law § 297(9) (McKinney 2025).

13.     Here, the damages claimed by Plaintiff exceed $75,000.  Although GMRI denies Plaintiff's claims have merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims exceed the $75,000 jurisdictional requirement, exclusive of interest and costs.

14.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the state court action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VENUE

15.     Attached hereto as **Exhibit B** is a true and correct copy of the Notice to Clerk of the Supreme Court of New York of Filing of Notice of Removal, the original of which is being filed with the Supreme Court of the State of New York, County of Suffolk, as required by 28 U.S.C. § 1446(d).

16.     Attached hereto as **Exhibit C** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

17.     By filing the Notice of Removal, Defendant does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity, or otherwise.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, NJ 07102
973.848.4700
*Attorneys for Defendant*

By: */s/ Jennifer I. Fischer*
     Jennifer I Fischer
     René L. Macioce
     JFischer@littler.com
     rmacioce@littler.com

Dated:   October 10, 2025

5